IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTER DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

MESA UNDERWRITERS SPECIALTY					PLAINTIFF
INSURANCE COMPANY f/k/a
MONTPELIER U.S. INSURANCE COMPANY

vs.								CIVIL ACTION NO. 3:13cv29-CWR-FKB

LJA COMMERICIAL SOLUTIONS, LLC;				DEFENDANTS
RENT CITY, INC.; and INDIVIDUALS
And XYZ ENTITIES

and

LJA COMMERCIAL SOLUTIONS, LLC				COUNTER-PLAINTIFF

vs.

MESA UNDERWRITERS SPECIALTY					COUNTER-DEFENDANT
INSURANCE COMPANY f/k/a
MONTPELIER U.S. INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the motion of Cross-Defendant LJA's Motion for Summary Judgment. Docket No. 96. Pauline Holcombe and Rent City replied, Docket No. 114, to which LJA submitted a rebuttal, Docket No. 116. Having carefully considered the record of this case, relevant statutory and case law, and being otherwise fully advised in the premises, for the reasons discussed below, the Court concludes that the Motion is denied in part and granted in part.

The facts of this case have been set forth in the Court's previous ruling on separate motions of the parties. *See Mesa Underwriters Specialty Ins. Co. v. LJA Commercial Solutions, LLC*, No. 3:13CV29-CWR-FKB, 2015 WL 1457537 (S.D. Miss. Mar. 30, 2015) (dismissing all claims against MUSIC). The only remaining claims in this suit are those asserted against LJA by

1

Rent City and Holcombe (hereinafter referred to as "Plaintiffs"). In short, Plaintiffs allege that LJA did not protect its facility from rain shower, which led to significant damages. *See id*. at 1-3. Plaintiffs assert three claims: negligence, negligent infliction of emotional distress and breach of contract. *See* Docket No. 25 at 16-18.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citation omitted).

A party seeking to avoid summary judgment must identify admissible evidence in the record that shows a factual dispute. Fed. R. Civ. P. 56(c)(1). The ultimate responsibility to assess the probative value of the evidence lies with a jury, and therefore, a court must not weigh evidence. *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In order to avoid such a determination, a court views submitted evidence in the light most favorable to the party opposing summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 302 (5th Cir. 2011). State law is determined by looking to decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

## DISCUSSION

**Negligence.** To prevail on a negligence claim under Mississippi law, LJA must prove the following by a preponderance of the evidence: (1) duty, (2) breach of duty, (3) causation, and (4) injury. *Spotlite Skating Rink, Inc. v. Barnes*, 988 So.2d 364, 368 (Miss. 2008) (citation omitted). Mississippi courts define negligence as "doing what a reasonable, prudent person would not do, or failing to do what a reasonable, prudent person would do, under substantially similar circumstances." *Glover v. Jackson State Univ.*, 968 So.2d 1267, 1277 (Miss. 2007).

LJA argues that "[Plaintiffs] have not established 'duty and breach of duty' elements of their negligence claim." Docket No. 99 at 12. In response, Plaintiffs counter that LJA was negligent in a number of ways, including, but not limited to, the following:

1. Failure to exercise reasonable care in performing the work;
2. Failure to provide adequate covering while performing the work sufficient to protect the interior and property of Rent City on the foreseeable event of a sudden thunderstorm . . .;
3. Failure to comply with industry standards;
4. Failure to maintain adequate, trained work crews and equipment sufficient to respond to the foreseeable event of a thunderstorm and prevent precisely the "property damage" suffered by Rent City;
5. Failure to train and supervise the work crews, negligent business practices;
6. Negligent infliction of emotional distress on Holcombe . . .

Rent City's Response in Opp. to LJA's Mot. for Sum. Judg., Docket No. 114 at 22; *see also* Docket No. 12 at 10-11. From what the Court has gleaned from these allegations, and the record as a whole, the thrust of Plaintiffs' claims is centered on LJA's alleged failure to cover and protect the interior of Rent City's building facility from rain.

A review of the record shows that the parties have produced opposing facts. According to Plaintiffs, LJA did not have tarp available at the time of the storm, leaving a portion of Rent City's roof uncovered for at least 45 minutes. LJA, however, claims that it did have tarp

available, and only a third of the roof was uncovered for 12 minutes after the storm commenced.[1] Thus, LJA argues that this does not constitute negligence.

In the Court's opinion, these conflicting allegations demonstrate a dispute of fact as to whether LJA was negligent in not having tarp or any other cover for the roof available at the time of the storm, and whether LJA was negligent in covering the roof within a reasonable time period. As such, summary judgment will be denied as to Plaintiffs' negligence claims.

**Negligent Infliction of Emotional Distress.** "There can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical or bodily injury." *Franklin Collection Service Inc. v. Kyle*, 955 So.2d 284, 290 (Miss. 2007) (quoting *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss.1981)). As the Mississippi Supreme Court explained in *Illinois Cent. R.R. Co. v. Hawkins*,

> [m]ental anguish is a nebulous concept and requires substantial proof for recovery. Further, if the case is one of ordinary garden variety negligence, the plaintiffs would have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm.

830 So. 2d 1162, 1174 (Miss. 2002) (brackets, citations and ellipses omitted).

Plaintiffs, specifically Holcombe, has not produced evidence that LJA's actions meet the high standard required to maintain a negligent infliction of emotional distress claim in Mississippi. In her crossclaim against LJA, Holcombe merely states that she "was forced to suffer extreme mental and emotional distress, necessitating reasonable and necessary medical care and treatment both in the past and in the future . . .". *See* Docket No. 12 at 14-15. These mere allegations do not establish a claim for negligent infliction of emotional distress. Therefore, Holcombe's claim for negligent infliction of emotional distress must be dismissed.

---

[1] The record shows that there are other factual discrepancies. *See* Docket No. 114 at 23.

**Breach of Contract.** Plaintiffs state that LJA breached its obligations contained within the contract executed by the parties. Plaintiffs specifically assert that the contract's terms were violated because Clifton Smith, LJA's owner, was "not certified to install EPDM roofing," that he "never produced the 2-year workmanship warranty or 10-year manufacturer's warranty," and that he did not provide liability insurance coverage for the work performed. *See* Docket No. 114 at 21, fn. 13; *see also* Docket No. 12-1 at 2.

LJA counters that Plaintiffs' claims for breach of contract must fail because it is undisputed that there is "no defect in materials or workmanship in the roof's installation." Docket No. 116 at 4; *see also* Docket No. 114 at 22. LJA also contends that it did have liability insurance under MUSIC's policy (a previous party to this lawsuit), but this Court determined that MUSIC's policy was not triggered.

The Court finds that Plaintiffs cannot prevail on their claim for breach of contract regarding insurance coverage and Smith's lack of certification. As LJA has correctly pointed out, it is undisputed that the roof was installed without negligence, error or any deficiency. *See* Docket No. 114 at 22. Moreover, Plaintiffs have not demonstrated where LJA promised that Smith was certified to work on Rent City's roof. In fact, the actual work was subcontracted to someone other than Smith. *See Mesa Underwriters*, 2015 WL 1457537 at *1. LJA is also correct that liability insurance was provided, but the particular incident that is the subject of this suit was not covered under that policy. *Id.* at 6.

Plaintiffs' breach of contract claim survives, however, as to their claims that LJA did not produce a two-year warranty on its labor and a ten-year manufacture's warranty. The parties' contract expressly stipulates that LJA must provide these warranties. LJA did not comply with

5

these terms; therefore, summary judgment will be denied as to that portion of Plaintiffs' breach of contract claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment on behalf of LJA is granted in favor of LJA as to Plaintiffs' claim for negligent infliction of emotional distress and denied as to Plaintiffs' claims of negligence and breach of contract.

Within 10 days of the entry of this Order the parties shall contact the Court Chambers to arrange a status conference so that this matter can be returned to the Court's trial calendar.

This the 11th day of August, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
